## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**WASSEM FOUMIA,**

      Plaintiff,                **Case No.:**

**v**                               **Hon.**

**CITY OF DETROIT, a Municipal Corporation, DETROIT POLICE DEPARTMENT, and POLICE OFFICERS: DETECTIVE KENNETH LEONARD, and SERGEANT RANSOM WILLIAMS, and OFFICER K. M. KOVIE, and OFFICER JASMIN HAMULIC, and OFFICER J.B. DEAN, and OFFICER BRANDON COLE, and DETECTIVE LEVAN ADAMS, and DETECTIVE DEREK OWANS, and SERGEANT MCCLEARY, and OFFICER SNYDER, and OFFICER PATRICIA DUNLAP, and OFFICER WHITNEY LITTLEJOHN, Each in their individual and official capacity, jointly and severally,**

      Defendants.
_____

**BURGESS & BURGESS, P.C.**
David M. Burgess (P58557)
Jillian N. Evans, Esq. (P82573)
Attorneys for Plaintiff
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382
David29_1999@yahoo.com
jnevanslaw@gmail.com
_____

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

**NOW COMES,** Plaintiff, WASSEM FOUMIA, by and through his attorneys, Burgess & Burgess, P.C., and for his complaint against the above-named Defendants, states as follows:

## <u>JURISDICTION AND VENUE</u>

1.  This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, title 42 of the United States Code, §1983 and §1988, and under the United States Constitution, Amendments IV, V, and XIV, deprivation of liberty without due process of law.

2.  This Court has jurisdiction of this cause under the provisions of the United States Constitution, Amendments I, IV, V, VI, and XIV; Title 42 of the United States Code, §1983; Title 28 of the United States Code, §§1331 and §1343.

3.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391. All Defendants reside and may be found in the Eastern District of

Michigan and all of the events giving rise to these claims occurred in this district.

4. That Plaintiff brings this suit against each and every Defendant in their individual and official capacities.

5. That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan and by the virtue of, and under the authority of, each individual Defendant's employment with the City of Detroit.

## **PARTIES**

6. Plaintiff, WASSEM FOUMIA (hereinafter "Plaintiff"), is a citizen of the State of Michigan and resident of Troy, Oakland County, Michigan.

7. At all relevant times, Defendant, CITY OF DETROIT, was and is a municipal corporation, duly organized and carrying on governmental functions, including the formation, organization, and operation of the CITY OF DETROIT POLICE DEPARTMENT, in the City of Detroit, County of Wayne, State of Michigan.

8. At all relevant times, Defendants OFFICER K.M. KOVIE, OFFICER JASMIN HAMULIC, OFFICER J.B. DEAN, DETECTIVE LEVAN ADAMS, DETECTIVE DEREK OWANS, and OFFICER SNYDER

(hereinafter "individual Defendant officers") were police officers employed by Defendant CITY OF DETROIT and were acting under color of state law.

9.  At all relevant times, Defendants DETECTIVE KENNETH LEONARD, OFFICER BRANDON COLE, SERGEANT RANSOM WILLIAMS, SERGEANT MCCLEARY, OFFICER PATRICIA DUNLAP, and OFFICER WHITNEY LITTLEJOHN (hereinafter referred to as "assisting and supervisory officers") were all police officers employed by the Defendant CITY OF DETROIT and were acting under color of state law.

10.  That the amount in controversy exceeds the amount of seventy five thousand dollars ($75,000.00), and pursuant to 28 U.S.C. §1332, this action is otherwise within the jurisdiction of the Court.

## <u>COMMON ALLEGATIONS</u>

11.  On May 8, 2019 and approximately 12:30 p.m. Defendants Kovie and Hamulic were driving in their fully marked patrol car, and in full uniform on Michigan interstate I-94 heading eastbound.

12.  Defendants Kovie and Hamulic performed a traffic stop of the Plaintiff at approximately this time.

13.  The Plaintiff was driving a 2014 black Dodge Durango.

14.  The Plaintiff was the registered owner of the above-mentioned vehicle.

15.  The Plaintiff is the owner of a car dealership named "One Price Auto."

16.     The above-mentioned vehicle that the Plaintiff was driving was one of the dealership vehicles and contained a dealership license plate.

17.     The Plaintiff was not engaged in any unusual, suspicious or criminal behavior.

18.     During the stop, Defendants Kovie and Hamulic accused the Plaintiff of being in possession of a stolen license plate.

19.     Although the Plaintiff was not doing anything suspicious, and advised the Defendants that the license plate had been issued to his dealership by the Secretary of State and was a valid plate, the Defendants arrested the Plaintiff and impounded his vehicle.

20.     The Plaintiff was taken to the City of Detroit's 9th Precinct, booked, interrogated, and arrested.

21.     The Plaintiff was also held in the Detroit Detention Center where he was unreasonably and illegally detained for approximately 24 hours.

22.     Defendants Levan and Owans left the Plaintiff detained for almost an entire day before even advising the Plaintiff of his constitutional rights or discussing the matter of his arrest with him.

23.     The assisting and supervisory officers for the City of Detroit, illegally and unreasonably allowed Defendants Kovie, Hamulic, Owans and Levan to detain/falsely imprison the Plaintiff.

24.   The Plaintiff was released after an entire day, and no charges were filed as it was determined that there was "insufficient evidence" to support any charges.

25.   This is because the Plaintiff was legaly issued the alleged "stolen plate" and that it had been issued to him by the Secretary of State, just as the Plaintiff had so indicated to the arresting and interrogating officers.

26.   Defendants lacked probable cause to arrest or detain the Plaintiff.

27.   During all of the foregoing, the Defendants acted willfully and under color of state law.

28.   During all the foregoing, Defendants Kovie, Hamulic, Levan and Owans and the assisting and supervisory officers were also acting willfully and under color of state law, within the scope of their employment with Defendant CITY OF DETROIT, and under color of law as law enforcement officers, and intentionally compelled the Plaintiff to be unlawfully restrained, under pretense that he had violated the law, said acts constituting false arrest and false imprisonment.

29.   Defendant CITY OF DETROIT is liable under state and/or federal law for all injuries proximately caused by:

   a.   Intentional wrongful acts committed by themselves or by their agents, which were committed within the scope of their employment; and
   b.   Intentional, willful and wanton, reckless, deliberate indifference, grossly negligent and/or negligent acts and/or omissions committed

pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitution and laws of the United and/or the State of Michigan, including but not limited to:

    i. Defendants' directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

    ii. Conduct by such employees and/or agents in which Defendants acquiesced, explicitly or implicitly;

    iii. Conduct which resulted from the failure to train or oversee the training of such employees and/or agents;

    iv. Conduct of such employees and/or agents which supervisory personnel could foresee because of previous behavior of such employees and/or agents which created the potential for such acts or omissions and which were not corrected;

    v. Acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty; and

    vi. Conduct which resulted from the failure to train or oversee the training of such employees and/or agents as it relates to consensual encounters with citizens and citizens rights protected under law.

30. As a result of the incarceration described above, the Plaintiff was forcibly detained, booked, finger-printed, falsely imprisoned, unreasonably detained without the reading of his rights, deprived of his freedom, liberty and constitutional rights, resulting in significant damages, including, but not limited to compensatory damages, reasonable attorney's fees, expert fees and costs pursuant to 42 U.S.C. §1988, and punitive damages.

## COUNT I – VIOLATION OF 42 U.S.C. §1983
## (AGAINST CITY AND DEFENDANT OFFICERS)

31. Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 30 as if fully set forth herein.

32.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their rights to privacy and 42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

33.     Defendants were acting under color of law.

34.     Defendants lacked probable cause to arrest and detain the Plaintiff.

35.     The Defendants also lacked probable cause to believe that the Plaintiff had committed a felony or any other crime.

36.     The Defendants had alternate means of resolving the situation with the Plaintiff without unreasonably arresting and detaining him.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

## COUNT II – FALSE/WRONGFUL ARRENT – FALSE IMPRISOMNNENT (AS AGAINST ALL DEFENDANTS)

37.     Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 36 as if fully set forth herein.

38.   The individual Defendant officers and assisting and supervisory officers arrested and detained the Plaintiff without justification or probable cause.

39.   The Defendant, CITY OF DETROIT, through its employees and officers, owed Plaintiff a duty to refrain from intentionally, falsely, and/or wrongfully arresting and/or detaining him, which caused foreseeable injury and/or deprivation of liberty.

40.   The Defendants, while at all times relevant herein, were acting within the scope of their employment for Defendant CITY OF DETROIT, and under color of law as law enforcement officers, and intentionally compelled the Plaintiff to be unlawfully seized, searched and arrested, under the pretense that he had violated the law, knowing they lacked probable cause. Said acts constitute false arrest and false imprisonment.

41.   In making the false arrest and false imprisonment, the Defendant caused the Plaintiff to be:

  a.  Handcuffed;

  b.  Forced and caged in the back of a police car;

  c.  Booked;

  d.  Fingerprinted; and

  e.  Incarcerated.

42.     This deprivation of Plaintiff's personal liberty and freedom was
        unreasonable, unnecessary, unlawful and unconstitutional.

43.     Defendant CITY OF DETROIT is vicariously liable for the acts of the
        individual Defendant officers who falsely and wrongfully arrested, detained
        and imprisoned the Plaintiff.

44.     As a direct and proximate result of the aforementioned unlawful conduct and
        omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the
        following damages:

    a.  Shock, fright, anxiety, mental distress, annoyance, vexation, and
            humiliation from the inception of the traffic stop;

    b.  Loss of freedom,

    c.  Confinement;

    d.  Loss of dignity;

    e.  Loss of reputation;

    f.  Lost income;

    g.  Loss of enjoyment of life;

    h.  Compensatory and punitive damages; and

    i.  Any and all other damages otherwise recoverable under 28 U.S.C.
            §1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

## COUNT III – MUNICIPAL LIABILITY AGAINST ALL DEFENDANTS (VIOLATION OF 42 U.S.C. §1983)

45.   Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 44 as if fully set forth herein.

46.   Defendant, CITY OF DETROIT, the individual Defendant officers and Defendant's assisting and supervisory officers, acted under color of state law.

47.   The acts of the Defendant, CITY OF DETROIT, the individual Defendant officers and Defendants assisting and supervisory officers deprived Plaintiff of his specific rights under the Untied States Constitution.

48.   Upon information and belief, a final policy maker, acting under color of law, who had final policy making authority concerning the acts of the City of Detroit and the Defendant Officers, ratified (or will ratify) the CITY OF DETROIT and/or the individual Defendant officers' acts and the bases for them. Upon information and belief, the final policy maker knew of and

specifically approved of (or will specifically approve of) the City of Detroit's and the individual Defendant officers and the Defendant assisting and supervisory officers' acts.

49.   Upon information and belief, a final policy maker has determined (or will determine) that the acts of the CITY OF DETROIT, the individual Defendant officers and Defendants assisting and supervisory officers were acting "within policy."

50.   By reason of the aforementioned acts and omissions, Plaintiff was injured and those injuries were caused by the acts or omissions of Defendants.

51.   Accordingly, the CITY OF DETROIT, the individual Defendant officers and the Defendants assisting and supervisory officers are each liable to the Plaintiff for compensatory damages under 42 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

## COUNT IV – MUNICIPAL/SUPERVISORY LIABILITY AS TO DEFENDANT CITY OF DETROIT (VIOLATION OF 42 U.S.C. §1983

52.  Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 51 as if fully set forth herein.

53.  Jurisdiction is based on 28 U.S.C. §1331.

54.  At all times relevant herein, the Defendant CITY OF DETROIT, the individual Defendants officers and Defendants' assisting and supervisory officers, acted under color of law, and such acts deprived the Plaintiff of his rights under the United States Constitution.

55.  The training policies of the City of Detroit were inadequate to train its officers to handle the usual and recurring situations with which they must deal.

56.  The City of Detroit was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

57.  The City of Detroit, acting through its supervisory officers and officials, by its own customs, policies and/or practices, failed to establish, maintain or enforce, (and/or systematically failed to properly train, evaluate, supervise, those in its charge) of a policy/practice or training regarding obtaining probable cause prior to arresting a person like the Plaintiff, so as to prevent the wrongful arrest of individuals, like the Plaintiff. Failure to have, enforce, maintain or properly supervise such policy/practice or training would be substantially certain to result in the wrongful arrest and imprisonment of the

Plaintiff and others like him, thereby directly and proximately depriving the Plaintiff of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments I, IV, V and XIV.

58.     At all times relevant herein, the Defendant CITY OF DETROIT, acting through its supervisory officers and officials, by its own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its employees, allowed, acquiesced in, and/or encouraged its individual police officers to function as law enforcement officers and to unlawfully confront, falsely arrest and imprison, and otherwise violate Plaintiff's Constitutional rights, thereby directly and proximately depriving Plaintiff of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments I, IV, V and XIV.

59.     At all times relevant herein, Defendant CITY OF DETROIT, acting through its supervisory officials and/or officers, by its own customs, policies and/or practices of systematically failing to enforce its own rules and regulations pertaining to arrest, custody, detention and prosecution of citizens, including

Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, deprived Plaintiff of his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

60.   Defendant CITY OF DETROIT, the individual Defendant officers and the Defendants' assisting and supervisory officers are liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional seizure of Plaintiff's liberty, person and health, without due process of law, all of which proximately resulted in his injuries.

61.   At all times relevant herein, Defendant CITY OF DETROIT, by its directions, policies, procedures, practices and/or customs, from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and /or negligent acts and/or omissions of the individual officers, who were under its supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as law enforcement officers and to unconstitutionally arrest and falsely imprison citizens including Plaintiff, thereby proximately causing Plaintiff to be deprived of his liberty, and his

freedom from unreasonable intrusions against his person and his right to be free from false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

62. At all times relevant herein, Defendant CITY OF DETROIT, by its failure to train, supervise, discipline and/or correct the behavior of its employees and/or agents under its supervision, including but not limited to the individually named Defendant officers, of which the CITY OF DETROIT knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendant officers to function as law enforcement officers and to unlawfully confront, falsely arrest and falsely imprison citizens, including Plaintiff,  thereby proximately causing Plaintiff to be deprived of his liberty and of his right to be free from unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

63. At all times relevant herein, Defendant CITY OF DETROIT, by its violation of statutory duties, allowed and/or encouraged the individually named Defendant officers to function as law enforcement officers and to unlawfully

confront, falsely arrest and falsely imprison citizens including Plaintiff,

thereby proximately causing Plaintiff to be deprived of his liberty and of his

right to be free from false arrest, false imprisonment and other unreasonable

intrusions against his person without due process of law, in violation of the

United States Constitution, Amendments IV, V and XIV.

64.    That the conduct of Defendant CITY OF DETROIT personnel was pursuant

to, and in execution and implementation of, officially sanctioned policies,

practices, ordinances, regulations, or customs of Defendant, CITY OF

DETROIT, and each of the individual named Defendant officers exhibited a

deliberate indifference by intentional acts, gross negligence and/or engaging

in omissions to breach the Plaintiff's civil liberties and freedoms and causing

constitutional deprivation of his individual rights, to wit:

   a. Failure to properly train police officers and detention officers in the
      proper determination of probable cause and arrest procedures. Such
      omitted training was a grossly negligent and reckless act that
      amounted to a deliberate indifference to, and was in violation of the
      Plaintiff's constitutional rights;
   b. Failure to hire individuals whose character and personality would not
      pose a potential danger to the residents and guests of the CITY OF
      DETROIT and Plaintiff;
   c. Failure of the CITY OF DETROIT to discipline, investigate, and/or
      discharge any officers involved in the wrongful detention, arrest and
      imprisonment which ratifies and/or condones any officers'
      unconstitutional conduct;
   d. Failure to train and inadequate training in the proper amount of force
      to be utilized for citizens, arrestees and/or detainees;

e. Knowingly and recklessly hiring and training as police officers, individuals who were not able to determine probable cause and arrest procedures;

f. Knowingly and recklessly failing to discipline, instruct, supervise or control officers' conduct, thereby encouraging acts or omissions that contributed to the arrest of the Plaintiff;

g. That the individual officers failed to obtain probable cause;

h. That all Defendants, including officials, supervisors, and officers individually and as agents for Defendant CITY OF DETROIT, personally participated in the implementation, execution, and omission of the official policies, training, ordinances, regulations, and/or customs referred to above;

i. That all officials, supervisors, and officers had a duty to adequately train and supervise all police officers who had a duty to act reasonably and without deliberate indifference to the civil liberties and freedoms of the Plaintiff.

65. That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

a. Shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff from the inception of the arrest;

b. Loss of freedom;

c. Pain and suffering during confinement;

d. Isolation from family and friends;

e. Loss of dignity;

f. Loss of reputation;

g. Loss of income;

h. Loss of enjoyment of life;

i.  Compensatory and punitive damages; and

j.  Any and all other damages otherwise recoverable under U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

## COUNT V – UNCONSTITUTIONAL CUSTOMS OR POLICY (VIOLATION OF 42 U.S.C. §1983

66.  Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 65 as if fully set forth herein.

67.  Through all of the conduct alleged herein, the CITY OF DETROIT, the individual Defendant officers and Defendants' assisting officers and supervisors acted under color of law and pursuant to an expressly adopted official policy or long-standing practice or custom of the City of Detroit Police Department.

68.  Upon information and belief, the CITY OF DETROIT and the individual Defendant police officers, together with other policy makers and

supervisors, maintained, inter alia, the following unconstitutional customs, practices and policies:

 a. Employing and retaining as law enforcement officers, individuals such as the individual Defendant officers, when the CITY OF DETROIT, at all times material herein, knew or reasonably should have known, had dangerous propensities for abusing their authority.

 b. Inadequately supervising, training and controlling, assigning, and disciplining CITY OF DETROIT police officers, and other personnel. Including Defendants Kovie, Hamulic, Levan and Owans, whom the CITY OF DETROIT knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

 c. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by its police officers;

 d. Failing to adequately discipline CITY OF DETROIT police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

 e. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply a "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questions about an incident of misconduct involving another officer, while following the code, the officers being questioned will claim ignorance of the officers' wrongdoing.

 f. Failing to properly investigate criminal cases brought against citizens, which are later voluntarily dismissed by the City, due to officers making unlawful arrests.

69. By reasons of the aforementioned acts and omissions of the CITY OF DETROIT and the individual Defendant officers, Plaintiff was injured.

70. Defendant CITY OF DETROIT and the individual Defendant officers, together with various other officials, whether named or unnamed, had either

actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraph above. Despite having knowledge as stated above, these Defendants also acted with deliberate indifference to the foreseeable effects and consequences of those policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

71.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, the individual Defendant officers acted with intentional, reckless, and callous disregard for the life of Plaintiff and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by the CITY OF DETROIT and the individual Defendant officers were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

72.   Upon information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to the individual Defendant officers.

73.   Accordingly, Defendant CITY OF DETROIT and the individual Defendant officers each are liable to Plaintiff for compensatory damages under Title 42 of the United States Code, §1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special,

or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

## <u>COUNT VI – GROSS NEGLIGENCE AS TO ALL DEFENDANTS</u>

74.   Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 73 as if fully set forth herein.

75.   The individual Defendants' actions were so reckless so as to demonstrate a substantial lack of concern for the rights of the Plaintiff.

76.   Each Defendant owed Plaintiff a duty to behave as a reasonably prudent law enforcement officer when interacting with the Plaintiff.

77.   By failing to do so, and by committing the acts herein alleged, the Defendants breached their duty to the Plaintiff.

78.   The Plaintiff has been injured as a result of the acts herein alleged by the Defendants breach of their duties to the Plaintiff.

79.   Plaintiff's injuries were entirely foreseeable results of the Defendants' conduct.

80.   At all times relevant, the individual Defendant officers, notwithstanding their duty of care, owed to Plaintiff the following duties, which include but are not limited to:

    a. To use due care to obtain probable cause for arresting him;

    b. To avoid arresting the Plaintiff when he had committed no violation of law;

    c. To follow all state statutes, regulations, municipal ordinances, and department policies designed to protect against jailing persons without probable cause;

    d. To preserve the peace and protect the lawful rights of citizens; and

    e. Other acts and omissions under investigation at this time.

81. The individual Defendant officers negligently, gross negligently, recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforementioned duties.

82. The Defendant CITY OF DETROIT breached its aforementioned duties and was willful and wanton and/or grossly negligent, as defined by statute, to wit: MCLA 691.1407, when it conducted itself in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some, or all of the following:

    a. Failing and/or refusing to adequately train, oversee the training of and/or supervise all employees and/or agents under their control and/or supervision;

    b. Failing and/or refusing to prevent intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of such employees and/or agents;

    c. Failing and/or refusing to enact, institute, implement and/or utilize directions, policies, practices and/or customs from which Defendants

and/or their employees and/or agents are to preserve the peace and protect the lawful rights of citizens;

d. Failing to prevent, explicitly or implicitly, the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent and foreseeable conduct, acts and/or omissions of Defendants' employees and/or agents; and

e. Allowing false charges to be used as leverage against a law abiding citizen to try and obtain a release in exchange for dropping unlawful charges.

83.   That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

a. Shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff from the inception of the arrest;

b. Loss of freedom;

c. Pain and suffering during confinement;

d. Isolation from family and friends;

e. Loss of dignity;

f. Loss of reputation;

g. Loss of income;

h. Loss of enjoyment of life;

i. Compensatory and punitive damages; and

j. Any and all other damages otherwise recoverable under 28 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

**COUNT VII –
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

84.     Plaintiff restates, realleges and incorporates each and every allegation in paragraphs 1 through 83 as if fully set forth herein.

85.     At all times relevant, the individual Defendant officers, notwithstanding their standard duty of care, owed Plaintiff, the following duties, which include but are not limited to:

   a.   To refrain from inflicting intentional emotional distress upon Plaintiff;

   b.   To refrain from depriving the Plaintiff of his liberty without excuse or justification.

86.     The Defendants intentionally, willfully, wantonly, and/or recklessly breached one or more duties by:

   a.   Intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being arrested without probable cause;

   b.   Intentionally depriving Plaintiff of his liberty and restraining his physical movement without excuse or justification;

    c. intentionally filing false charges against Plaintiff and using color of law of the State against Plaintiff, a law-abiding citizen, to gain leverage against Plaintiff in order to justify his release in exchange for dropping unlawful charges, such actions which inflicted emotional distress upon Plaintiff and placed the Plaintiff in fear and robbed him of his security and safety.

87. At all relevant times, the individual Defendant officers were acting within the scope of their employment for the Defendant CITY OF DETROIT under color of their authority as law enforcement officers.

88. That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

    a. Shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff from the inception of the arrest;

    b. Loss of freedom;

    c. Pain and suffering during confinement;

    d. Isolation from family and friends;

    e. Loss of dignity;

    f. Loss of reputation;

    g. Loss of income;

    h. Loss of enjoyment of life;

    i. Compensatory and punitive damages; and

     j.  Any and all other damages otherwise recoverable under 28 U.S.C.

§1983 and §1988.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants, jointly and severally, for actual, general, special, or compensatory damages and further prays for judgment against each of the Defendants, jointly and severally, for punitive damages, plus costs of this action, including attorney fees, and any other relief that the Court deems just and equitable.

Respectfully Submitted,

**BURGESS & BURGESS, P.C.**

*/s/ David M. Burgess*
David M. Burgess (P58557)
Attorney for Plaintiff
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382
David29_1999@yahoo.com

Dated: April 26, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WASSEM FOUMIA,**

       Plaintiff,                    **Case No.:**

**v**                                  **Hon.**

**CITY OF DETROIT, a Municipal**
**Corporation, DETROIT POLICE**
**DEPARTMENT, and POLICE**
**OFFICERS: DETECTIVE KENNETH**
**LEONARD, and SERGEANT RANSOM**
**WILLIAMS, and OFFICER K. M.**
**KOVIE, and OFFICER JASMIN**
**HAMULIC, and OFFICER J.B. DEAN,**
**and OFFICER BRANDON COLE, and**
**DETECTIVE LEVAN ADAMS, and**
**DETECTIVE DEREK OWENS, and**
**SERGEANT MCCLEARY, and OFFICER**
**SNYDER, and OFFICER PATRICIA**
**DUNLAP, and OFFICER WHITNEY**
**LITTLEJOHN, Each in their individual**
**and official capacity, jointly and severally,**

       Defendants.
_____

**BURGESS & BURGESS, P.C.**
David M. Burgess (P58557)
Jillian N. Evans, Esq. (P82573)
Attorneys for Plaintiff
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382
David29_1999@yahoo.com
jnevanslaw@gmail.com
_____

## **DEMAND FOR JURY TRIAL**

Plaintiff, WASSEM FOUMIA, by and through his attorneys, hereby

respectfully requests a trial by jury in the above-captioned matter.

Respectfully Submitted,

**BURGESS & BURGESS, P.C.**

*/s/ David M. Burgess*
David M. Burgess (P58557)
Attorney for Plaintiff
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382
David29_1999@yahoo.com

Dated: April 26, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WASSEM FOUMIA,**

       Plaintiff,                         **Case No.:**

**v**                                        **Hon.**

**CITY OF DETROIT, a Municipal**
**Corporation, DETROIT POLICE**
**DEPARTMENT, and POLICE**
**OFFICERS: DETECTIVE KENNETH**
**LEONARD, and SERGEANT RANSOM**
**WILLIAMS, and OFFICER K. M.**
**KOVIE, and OFFICER JASMIN**
**HAMULIC, and OFFICER J.B. DEAN,**
**and OFFICER BRANDON COLE, and**
**DETECTIVE LEVAN ADAMS, and**
**DETECTIVE DEREK OWENS, and**
**SERGEANT MCCLEARY, and OFFICER**
**SNYDER, and OFFICER PATRICIA**
**DUNLAP, and OFFICER WHITNEY**
**LITTLEJOHN, Each in their individual**
**and official capacity, jointly and severally,**

       Defendants.

_____

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on April 26, 2021, she electronically

filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing

system, which will send the appropriate notifications.

                              Respectfully Submitted,

                              **BURGESS & BURGESS, P.C.**

*/s/ David M. Burgess*
David M. Burgess (P58557)
Attorney for Plaintiff
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382

Dated: April 26, 2021